# Holthouse *v.* Rynd, Appellant.

*Vendor and vendee—Failure of sale—Improvements.*

In an action by a vendee of land against his vendor to recover taxes and improvements on land sold under a contract insufficient under the statute of frauds, a notice by the vendor that he would not convey, and that he would consider plaintiff's entry a trespass, will not prevent a recovery by the vendee of expenses incurred after the notice, if the vendor withdrew the notice or encouraged the vendee to believe that the original contract would be carried out.

*Evidence—Rebuttal—Review.*

It is not ground for reversal that a witness was permitted in rebuttal to repeat a portion of the testimony which he had already given in his examination in chief.

*Practice, Supreme Court—Assignment of error to admission of testimony.*

An assignment of error to the admission of testimony which fails to set forth the testimony admitted under the exception, does not conform to the rules of court, and will not be considered.

Argued Nov. 4, 1892. Appeal, No. 200, Oct. T., 1891, by defendant, George B. Rynd, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1891, No. 239, on verdict for plaintiff, Albert W. Holthouse. Before Paxson, C. J., Green, Williams, McCollum, Mitchell and Heydrick, JJ.

Assumpsit for taxes and improvements on land.

At the trial, before McClung, J., it appeared that, on July 11, 1885, defendant by an agreement in writing agreed to sell a lot of ground to plaintiff. The agreement was insufficient un-

der the statute of frauds, and the courts refused to specifically enforce it. See 12 Atl. R. 340.

On July 25, 1885, defendant notified plaintiff, who had taken possession of the property, that he would not convey it to him, and that he would consider plaintiff's entry a trespass. Defendant brought a bill in equity for injunction, Aug. 5, 1885, which was decided in defendant's favor. After this litigation plaintiff accepted a lease from defendant, and remained in possession for two years, when he was finally put out.

Evidence for plaintiff tended to show that he had expended money on the property for surveys, in examination of title, in excavating a cellar, building cellar walls, and moving a frame house on the lot. There was also evidence that defendant had waived his notice of July 25, 1885.

When plaintiff was on the stand he was asked this question : " Q. State whether you built the building that you did build on the faith of the bargain with him there on that day, when he gave the line to the stone masons, whether you continued your improvement upon that?" Objected to as not rebuttal and as irrelevant. Objection overruled, and exception. [4] " A. Yes, sir."

Plaintiff, when called in rebuttal, was asked : " Q. I want you to testify what time it was in August that you were on the ground with Mr. Rynd." Objected to on the ground that he has been already asked about that on his direct examination by his own counsel in giving his own case. Objection overruled, and exception. [5]

The witness testified to other matters in addition to what he had already stated in his examination in chief.

Plaintiff, under objection and exception, testified that he had paid the taxes for the years 1886, 1887 and 1888. [6]

The court charged in part as follows :

[" If the defendant had stood upon that notice of July 25, 1885, and done nothing more, there certainly could be no recovery here for any expenditures that Mr. Holthouse incurred after that date. He maintains here that he did stand upon that notice, that he stood to the position that he took then ; that he refused then to make any conveyance and so notified Holthouse, and that he never receded from that position, except in the way of offering to compromise. Holthouse says that that position

is incorrect. He says that Rynd gave that notice of July 25, 1885, and that then afterwards practically withdrew it, or indicated that he did not intend to go back upon his contract. In proof of this, he undertakes to show to you in the first place that the notice was given, to some extent, under a misapprehension; that he had instructed his attorney that there was nothing but a verbal agreement between the parties, and he asks you to believe that upon the discovery by his attorney that there was some writing that then they, to a certain extent at least, receded from the position they took there. He shows you, and as far as I recollect the testimony it is conceded in this case, that the position that the written contract was not legally binding was not taken until the next year, until some time after this house was completed; and he also testifies to you that Mr. Rynd, after this notice was given, went upon the premises, and dealt with him upon the basis of this contract; that he had dealings with regard to the extra foot; that he himself marked out the lines at which the masons should build, and fixed the line, and that in his presence they upon that line laid the corner stone at the lower corner of the lot.

"As I have said to you, this notice upon its face was sufficient to have made Holthouse incur any expenses that he did incur, after that, at his own risk. But it is proper to submit to you the testimony which is given with respect to the conduct of Rynd after that, in support of the averment that he did not insist upon that notice, but that he either withdrew it or caused Holthouse to believe that it was withdrawn, and that he would not insist upon it, by his conduct, his actions and his words. In further support of this position, Mr. Holthouse says that when they met at the office of Messrs. Burleigh & Harbinson, that Rynd was willing to complete the contract, and that the only difference between them was as to the amount that he should pay for attorneys' fees for the examination of the title. He said those fees were $25.00, that they were too high, and that was the only difference between them, and that by concession of that the contract would have been fulfilled at that time, and that he thus showed a recognition of the existence of this contract at that time, and either a withdrawal of this notice, or an abandonment of the position that he took under it. On the other hand Mr. Rynd con-

tends that this proceeding at Burleigh & Harbison's office was only in the way of a compromise, that he was still standing to his position that he was not bound to convey, and that it was only with a view of avoiding litigation that they made the offer to complete the contract at Burleigh & Harbison's office. If that is the true state of affairs, then the notice still holds good. If, on the other hand, they stood to that notice up *until that time*, and simply by way of compromise were willing to complete the transaction upon a meeting at Burleigh & Harbison's office, then, although the difference may have been only about that $25.00, if the compromise failed on that account, the defendant had the right to fall back upon his notice and say to Holthouse that he had no right to recover beyond this 25th of July. Even if Rynd had refused, had manifested his unwillingness to make this conveyance, if he had put it specifically upon some particular ground, some particular violation of the contract which he alleged, and had still admitted the existence of the contract, had still encouraged Holthouse to believe that he was willing to carry into effect the contract that he had made, Holthouse might still, upon the faith of the contract, proceed to incur expenses, taking then only risk of establishing the contract as he maintained it was. What I mean by that, is this: That if, after that notice of July 25th, the defendant Rynd had given Holthouse to understand, either in express terms or by his actions, that all he objected to was the putting of that old house on there, in the alleged violation of a contract to build a new house, and that outside of that he was willing to comply with his contract, that would not amount to a notice which would forbid Holthouse to proceed under this contract, because Rynd was not legally bound to comply with it. A notice not to go on because of a certain failure, or a certain objection, might really be an affirmance of the general contract, as you will readily see and understand, and instead of putting upon the plaintiff the responsibility of proceeding, might encourage him to believe, so far as the contract was generally concerned, that the party was willing he should proceed, that he intended to be bound by it."] [3]

Defendants' points were, among others, as follows:

"1. That the plaintiff cannot sustain any claim in this suit beyond the expenses caused to him by defendant's alleged

breach of agreement between the date of said agreement, July 11, 1885, and the notice to him of July 25, 1885, and that, as to all expenses prior to July 11, 1885, and all expenses after, and in disregard of the notice of July 25, 1885, the plaintiff incurred them at his own risk and cannot recover therefor in this suit. *Answer:* Had the defendant stood simply on his notice of July 25, 1885, I would affirm this point. Under the testimony in this case it is refused, and the question is left to the jury. You will recollect the explanation which I gave you in the general charge and apply it in connection with this answer to the point. I don't mean to say that he can recover beyond July 25th, but I leave that to you." [1]

" 2. That the plaintiff cannot sustain any claim for expenses incurred after the notice of July 25, 1885, and the suit entered Aug. 5, 1885. *Answer:* This point is refused for the reason assigned in the answer to the first point, and because we do not have in evidence here the contents of the bill in equity referred to." [2]

Verdict and judgment for plaintiff for $1,525. Defendant appealed.

*Errors assigned* were (1–3) instructions, quoting them; (4–6) rulings on evidence, quoting bills of exceptions and evidence, as above.

*M. A. Woodward,* for appellant.

*Jas. S. Young, S. U. Trent* with him, for appellee.

PER CURIAM, January 3, 1893:

A careful examination of this case has failed to convince us that the learned judge erred, either in his answers to points, or in his general charge. Nor are we able to see any valid objection to the testimony of Albert W. Holthouse, referred to in the fifth specification. The witness was called in rebuttal, and the objection was made that having substantially testified to the same matters in his examination in chief, it was not competent to call him in rebuttal, and go over the same ground again. It is true, a portion of his testimony in rebuttal had already been given in chief, but not all of it. The objection is purely technical and not ground for reversal.

The fourth specification does not conform to the rules of court, and will not be considered.

We think it was competent for the plaintiff to prove that he had paid the taxes for 1886, 1887 and 1888.

Judgment affirmed.