# DeGrazia v. Piccardo.

*Master and servant—Risk of employment.*

An employee by contracting for the performance of hazardous duties, assumes such risks as are incident to their discharge from causes open and obvious, the dangerous character of which causes he has had opportunity to ascertain. On the other hand, where there are special risks in an employment of which the employee is not, from the nature of the employment, cognizant, or which are not patent in the work, it is the duty of the employer specially to notify him of such risks, and on failure of such notice, if he is hurt by exposure to such risks, he is entitled to recover from the employer in all cases where the employer either was cognizant or ought to have been cognizant of the risks.

*Employer's liability—Defective appliance—Question for jury—Risk of business.*

Plaintiff's hand was caught in rolls of machine, a risk incident to his employment. There was some evidence of negligence on the part of the employer in maintaining an insufficient and unsafe appliance for the stopping of the machine in the event of the occurring of such accident, which it was the duty of the defendant to know might occur. *Held,* that it was for the jury to determine the dividing line as to the damage resulting from defendant's negligence. The difficulty of separating the damage from each cause may be great, but it does not change the nature of the tortious act of the defendant or relieve him from liability.

Argued April 30, 1900.   Appeal, No. 121, April T., 1900, by defendant, in suit of Louis DeGrazia in his own right and as father and next friend of Bernard DeGrazia, his minor son, against B. Piccardo, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1899, No. 377, on verdicts for plaintiffs. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by RICE, P. J.

Trespass. Before McCLUNG, J.

It appears from the evidence that defendant was engaged in the business of manufacturing macaroni. Bernard DeGrazia, a boy almost eighteen years old, was employed to work about

a machine called a macaroni roller which was simple in construction, and ordinarily safe to work about, and of a kind ordinarily used in such factories. While engaged in his work on the day of the accident, either by his own negligence or in some way unexplained, but admittedly without negligence on the part of the defendant, his left hand was caught between the rollers and crushed, and his arm being further drawn into the machine was also injured.

It was claimed by plaintiff that while defendant was not guilty of any negligence which caused the young man's hand to be caught in the machine, yet he was guilty of negligence in not having a safe appliance to stop the machine and thus avoid the increased injury. There was evidence tending to show that defendant had provided a rope to be used to stop the engine by which the machine was run and that the negligence consisted in furnishing an old and defective rope which broke when an attempt was made to stop the machine by pulling the rope.

Defendant submitted among others certain points, which points and answers are as follows:

[2. There being no proof that the defendant was guilty of any negligence, which was the cause of the inquiry to the plaintiff, the verdict should be for the defendant. *Answer:* Refused.] [1]

[5. Unless there is proof on the part of the plaintiff of such negligence, which, as a proximate cause, caused the injury to plaintiff, although there may be evidence from which the jury might infer that the injury to plaintiff was made more serious by the breaking of the rope used to control the engine, the verdict should be for the defendant. *Answer:* The difficulty about this point is in using the words "proof and negligence from which the jury might infer" in apparent contrast. Proof is strictly distinct from evidence, but as it is used here I presume it means sufficient evidence to convince, that is, the weight of evidence, and using the expression "evidence from which the jury might infer" in contrast to that, would seem to indicate something less than the weight of evidence, if it is meant that there was not sufficient evidence.

Mr. Young: Your honor may change that first word "proof" to "evidence."

The Court: We will not correct it now.   I will answer it as it is.   If it is meant that there was not sufficient evidence to convince the jury, then, of course, the verdict should be for the defendant, but if, as I suppose counsel means, or as he probably means, under the explanation now given, that the mere proof of the breaking of the rope increased the injury would not justify a recovery, if that is what is meant, then the point is refused.] [2]

[6. Although there may be evidence from which the jury may infer that the injury to the plaintiff was aggravated by the failure to stop the machine because of the breaking of the rope, the jury will not be allowed to measure the increased injury, there being no proof that the defendant was guilty of any negligence, which was the primary cause of the injury, and the verdict of the jury should be for the defendant.   *Answer:* This is refused, with the same explanation that was given with regard to the use of the terms in answering the last point.] [3]

[9. Under all the evidence the verdict of the jury should be for the defendant.   *Answer:* Refused.] [4]

The court charged the jury in part as follows:

If you find that he was negligent in any degree, then you need go no further; your verdict should be for the defendant.   If, however, you find that he was not, [then, as I have said, whilst there is no evidence that the negligence of the defendant had anything to do with the commencement of the injury, with the getting of his hand in the rolls, yet there is a question for you to determine as to whether or not his negligence did increase that injury, and if you find that it did, and you can, from the testimony, determine what the damage was that was due to this increased injury, then you could render a verdict for the plaintiff in that amount.] [5]   The evidence, I must caution you, would not justify you in finding a verdict here for the whole injury, because you must recollect all through the case, that part of this injury was caused without any negligence on the part of the defendant, or, what is the same thing for us, without any evidence of negligence; his hand was gotten in there, and that was all of it; if the hand had simply been gotten in, and the engine had been stopped as soon as it could have been,

with the appliances that were there, if they had been in order, then there could be no recovery, and for that part of the injury, there can be no recovery here. [But the question is, did this defendant, having adopted this means of stopping the engine —it seeming to be the fact that there was no engineer at the engine continuously—did he, having adopted that means, and thereby certifying that that was a proper means, and we will assume, for the purposes of this case, that it was, exercise due care in seeing that that appliance was kept in order?] [6] You cannot find against him unless you find that he did not. He was not bound to insure that rope; he was not bound to make it absolutely certain that no accident would happen which would be aggravated by a breaking of that rope. You cannot find against him simply because the rope broke. But you must find that that rope was so old and so weakened by age or other cause that it was not fit for its purpose, and that he knew that fact, or that he ought to have known it, if he had given proper attention to the appliances of his factory. If you find that he did know it, or that proper inspection, proper investigation, the investigation which a man ordinarily gives in such cases, would have revealed to him the fact that it was weak and unfit for the use for which it was intended, then you would come to the further question, Did the breaking of that rope increase this injury? Because, if it did not, then he would not be liable.

The defendant's witnesses admit that the rope did break, but some of them, at least, testify that it broke after the engine had stopped. Well, if it did its work, for the purposes of this case, if it broke afterwards, that amounts to nothing; it does not matter how rotten it was, or how weak it was; if it stopped the engine at that time, then, of course, its weakness cuts no figure in this case, and there would be no evidence of the defendant's negligence. [But if it did break, and because it broke, failed to stop the engine, and by reason of this, the time within which that engine would have been stopped was increased, so as to increase the injury to this young man, then you might find the defendant guilty of negligence which would render him liable in this case.] [7]

If you do so find, having found, of course, that the plaintiff was not guilty of negligence, then comes, perhaps, a pretty dif-

ficult question for you to determine in the case: [What was the injury that was caused by this negligence? It was not the catching of this hand in those rolls. There is no evidence of negligence which caused that. At most, it is the increase in the injury which was caused by the delay in the stopping of that engine, beyond what there would have been if the rope had performed its proper function.] [8] Now, you cannot assume, of course, that the engine would have stopped immediately. It might have run for a little time, even if the rope had not broken. Would it have run long enough to have produced the injury as it now exists? If it would, then the breaking of the rope amounted to nothing; it cuts no figure; the injury would have been as bad if it had not broken as it is now. [But if you can find from the testimony, and the burden is upon the plaintiff to convince you of this fact, as of every other fact necessary to the making out of his case, that the injury would have been a certain degree less if the rope had not broken, then you would be justified in assessing damages.] [9]

Verdicts for $400 for the father and $500 for the son, and judgment thereon. Defendant appealed.

*Errors assigned* were (1–4) answers to defendant's points, reciting points and answers. (5–9) To portions of the judge's charge, reciting same.

*James S. Young*, with him *S. U. Trent*, for appellant.—The injury was the natural and probable consequence following from his hand being caught in the machine: Yoders v. Amwell Township, 172 Pa. 447.

The master performed his whole duty in furnishing a machine not dangerous, and of a kind in ordinary use: Fick v. Jackson, 3 Pa. Superior Ct. 378.

Measured by the decisions in this state, was the negligence of the defendant, which caused the delay in stopping the machine, the proximate cause of the injury, the injury having admittedly at its inception begun without negligence of the defendant?

This question we think is answered by applying the rule laid down by Mr. Justice Dean, in the case of Yoders v. Amwell Township, 172 Pa. 447.

As was said by WOODWARD, J., in Railroad v. Norton, 24 Pa. 465, " the law has no scales to determine in such cases, whose wrongdoing weighed most in the compound that occasioned the injury."

We find no case similar to the one at bar decided in this state, no case where the injury having flowed from a direct cause not attributed to the defendant, still decided that defendant was liable for an increase of the injury.

*A. B. Reid,* with him *A. V. D. Watterson,* for appellee.—It is urged that the court erred in permitting the jurors to separate the damages arising from the two causes in question. That this can properly be done has been decided in the following Pennsylvania cases : Gould v. McKenna, 86 Pa. 297 ; Little Schuylkill Nav. Co. v. Richards, 57 Pa. 142; Seely v. Alden, 61 Pa. 302; Bradford v. Downs, 126 Pa. 622.

In England, in the following cases, the damages were also apportioned : Nitro-Phosphate Co. v. London, etc., Docks Co., L. K. 9 Ch. Div. 503 ; Workman v. Gt. Northern R. Co., 32 L. J. Q. B. 279.

That damages may be apportioned by the jury is also sustained by the following authorities: Thomas v. Kenyon, 1 Daly, 132 ; Bellows v. Sackett, 15 Barb. 96 ; Shear. & Red. on Neg. secs. 28, 29, 32.

Two causes may be jointly proximate, concurrently proximate. Negligence may be the proximate cause of an injury of which it is not the sole or immediate cause : Burrell Twp. v. Uncapher, 117 Pa. 353.

The question as to what was the proximate cause of the injuries for which recovery was permitted in this case was for the jury : Fairbanks v. Kerr, 70 Pa. 86 ; Kraut v. Railway, 160 Pa. 327.

OPINION BY RICE, P. J., October 8, 1900 :

When an employee, after having the opportunity of becoming acquainted with the risks of his situation, accepts them, he cannot complain if subsequently injured by such exposure. By contracting for the performance of hazardous duties, he assumes such risks as are incident to their discharge from causes open and obvious, the dangerous character of which causes he has had

opportunity to ascertain.  On the other hand, where there are special risks in an employment of which the employee is not, from the nature of the employment, cognizant, or which are not patent in the work, it is the duty of the employer specially to notify him of such risks, and on failure of such notice, if he is hurt by exposure to such risks, he is entitled to recover from the employer in all cases where the employer either was cognizant or ought to have been cognizant of the risks : Wharton on Negligence, sec. 206.  It may be, as the defendant's counsel argue, that the defendant was not bound to provide a rope by which the machine at which the plaintiff worked could be quickly stopped.  If the plaintiff had accepted service knowing that there was no such provision for his safety it might well be argued that the injury he received was within the scope of the danger which both parties contemplated as incidental to the employment.  But having provided it, there was an implied obligation on the defendant not to aggravate the plaintiff's risk by an omission to keep it in the condition in which under all the circumstances the plaintiff had a right to expect that it would be kept.  Perhaps, if the defendant had removed the rope and the plaintiff had continued in his employment with knowledge of the increased risk, it could be urged that he accepted it; but it cannot be asserted that he accepted the risk of its becoming rotten and unfit for the purpose for which it was obviously intended.  The principle has been thus stated : " If a person undertakes to do an act or discharge a duty by which the conduct of another may properly be regulated and governed, he is bound to perform it in such a manner that those who are rightfully led to a course of conduct or action on the faith that the act or duty will be properly performed, shall not suffer loss or injury by reason of his negligence."  It is not too much to say that, presumably, the plaintiff entered and remained in the defendant's employment in the faith that this appliance would be kept in reasonably safe condition.  The learned trial judge correctly stated the duty of the defendant and the principle underlying it in the following instructions : " But the question is, did this defendant, having adopted this means of stopping the engine, it seeming to be the fact that there was no engineer at the engine continuously, did he, having adopted that means, and thereby certifying that that was a

proper means, and we will assume for the purposes of this case that it was, exercise due care in seeing that that appliance was kept in order?" There was ample evidence to warrant the submission of this question to the jury, and to sustain their finding that if the rope had been in proper condition the machine could and would have been stopped before the injuries for which they awarded damages were caused.

This brings us to the question as to the liability of the defendant for the increased or additional injuries sustained by the plaintiff in consequence of the negligently defective condition of the appliance provided for stopping the machine, assuming that the plaintiff's hand was caught in the rolls without negligence on his part or that of the defendant. Without entering into a discussion of the perplexing doctrine of proximate cause and its application to this case we affirm the proposition of the plaintiff's counsel that, under the facts necessarily implied in the verdict, the proximate cause of these additional or increased injuries for which a recovery was permitted was the negligence of the defendant in maintaining an insufficient and unsafe appliance for the stopping of the machine in the event of the occurrence of such an accident, which under the circumstances it was the defendant's duty to know might occur. Although this negligence was not the primary cause of the accident it was the efficient cause of the injuries. Though the plaintiff might have lost the use of his hand by the accident, there was evidence to warrant a finding that he would not have lost the use of his arm if the defendant had exercised due care. It was an accident likely to occur in the use of such a machine, and although it be conceded that it was not preventable it does not follow that the employer is not responsible for the consequences which were preventable by the exercise of ordinary care on his part. The difficulty in determining at what precise point the negligence of the defendant became the efficient cause, and of drawing the line between the injuries attributable to accident and those attributable to the defendant's negligence was not so great in the present case as to be an insurmountable objection to the plaintiff's recovery. There was evidence from which the jury could determine this dividing line with reasonable certainty. The difficulty was not greater than in apportioning damages among those severally

liable for the proportion of injury caused by the turning of mine water, culm, sawdust or the like in a flowing stream.    The argument ab inconvenienti is not of sufficient force to hold each liable for the whole injury, much less for not holding them liable at all.    Neither is it of sufficient force to relieve this defendant from responsibility.    As was said in Gould v. McKenna, 86 Pa. 297, " The difficulty of separating the damage from each cause may be great, but it does not change the nature of the tortious act of the defendant or relieve him from liability."    See also Little Schuylkill Nav. Co. v. Richards, 57 Pa. 142, Seely v. Alden, 61 Pa. 302, Bradford v. Downs, 126 Pa. 622, Gallagher v. Kemmerer, 144 Pa. 509, Nitro-Phosphate Co. v. London Docks Co., L. R. 9 Ch. D. 503, and Workman v. R. R. Co., 32 L. J. Q. B. 279.

It is unnecessary to discuss the several assignments of error in detail.    The controlling questions raised by them have been touched upon.    The case was well tried and there is no error in the record for which the judgment should be disturbed.

Judgment affirmed.