# Lavia *v.* Kountz Brothers Company, Appellant.

*Negligence—Master and servant—Dangerous explosive—Instruction as to work.*

Where a common workman, without any scientific knowledge of explosives, is set to work by his employer in disentangling and straightening wires connected with dangerous explosive caps used in quarrying, and is given no warning of danger, and no instructions as to how to do the work, and is injured by an explosion in the course of his work, the employer is liable for the injuries sustained.

Argued April 23, 1905.  Appeal, No. 135, April T., 1906, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1903, No. 495, on verdict for plaintiff in case of Gaetano Lavia v. Kountz Brothers Company.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ.  Affirmed.

482    LAVIA *v.* KOUNTZ BROS. CO., Appellant.

Statement of Facts—Opinion of the Court. [31 Pa. Superior Ct.

Trespass to recover damages for personal injuries.    Before
EVANS, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $700.    Defendant
appealed.

*Errors assigned* were in refusing binding instructions for
defendant.

*R. B. Petty*, with him *D. F. Patterson*, for appellant, cited:
Fletcher v. Traction Co., 190 Pa. 117; De Grazia v. Piccardo,
15 Pa. Superior Ct. 107; Wojciechowski v. Sugar Refining Co.,
177 Pa. 57; Higgins v. Fanning, 195 Pa. 599; Spees v. Boggs,
198 Pa. 112.

*F. C. McGirr*, of *Marron & McGirr*, for appellee.

OPINION BY HEAD, J., October 5, 1906:

The single assignment of error in this case complains of the
refusal of the learned court below to withdraw the case from
the consideration of the jury and direct a verdict for the de-
fendant.    The defendant was engaged in the manufacture of
brick.    It obtained the material for the brick from the clay
bank or quarry by blasting.    Holes were drilled, of a proper
depth, in the clay or rock and charges of powder or dynamite
placed therein.    An explosive cap was inserted in the charge
and from it a wire, which was part of the cap, reached the top
of the hole.    The end of this wire was then connected with
another wire reaching an electric battery located a safe distance
away from the hole.    By sending an electric current along
these wires the cap was exploded and this, in turn, exploded
the blasting charge.    The testimony delivered by and on behalf
of the plaintiff, with the inferences fairly arising therefrom,
would, if uncontradicted, have warranted the jury in finding
the following additional facts: Although the plaintiff had been
in the service of the defendant several years, he ranked on the
pay-roll, even at the time of the accident, as a common laborer
receiving wages at the rate of $1.50 per day.    His knowledge
of the English language was so limited he could not testify
without the aid of an interpreter.    During a considerable
period prior to the accident he had frequently, perhaps gen-

erally, put off the blasts himself. He admits that he had learned by experience that the caps, when operated on in the usual way by the electric current, would explode. He declared emphatically, however, that he had no knowledge they contained such highly explosive agents as would render the handling of them, in any way that might result in the application of some force or the production of some friction, extremely dangerous. He further states that he never made any claim to the possession of such knowledge so as to justify or excuse any neglect on the part of his employer in failing to warn or instruct him concerning the existence of such danger, if such failure constituted negligence. That no such warning or instruction was in fact given is conceded. But there is a serious conflict in the testimony, as to the claim of knowledge and experience in handling explosives, made by him when he was hired. But the existence of such a conflict in the evidence upon a material question, even the fact that the weight of the evidence in this regard may have been with the defendant, if that were a fact, cannot aid the latter in sustaining the assignment of error with which we have to deal.

When new caps were purchased from the usual and ordinary sources of supply they came with the attached wires straight and separated so that they might be handled with safety. Some time before the accident the defendant had bought a lot of second-hand caps from a railroad contractor and they had come with their wires badly twisted and tangled. The plaintiff was ordered by the superintendent of the defendant to take a lot of these caps and disentangle and straighten the wires so they could be used. It is clear enough from the testimony of the experts, which is not contradicted, that was a highly hazardous proceeding, one in which even they, with all their knowledge, skill and care, could not engage without imminent danger of injury. Was this risk, to which the plaintiff was subjected by the order of his employer, an extraordinary one, of the danger of which it was the duty of his employer to warn him, or was it the usual ordinary risk incident to his daily regular avocation which the plaintiff must be presumed to have assumed and accepted in entering and continuing in the service of the defendant?

The duty of a master to a servant under such conditions

we believe to have been correctly stated by RICE, P. J., in DeGrazia v. Piccardo, 15 Pa. Superior Ct. 107, in the following language: "When an employee, after having become acquainted with the risks of his situation, accepts them, he cannot complain if subsequently injured by such exposure. By contracting for the performance of hazardous duties, he assumes such risks as are incident to their discharge from causes open and obvious, the dangerous character of which causes he has had opportunity to ascertain. On the other hand, where there are special risks in an employment of which the employee is not, from the nature of the employment, cognizant, or which are not patent in the work, it is the duty of the employer specially to notify him of such risks; and on failure of such notice, if he is hurt by exposure to such risks, he is entitled to recover from the employer in all cases where the employer either was cognizant or ought to have been cognizant of the risks."

The plaintiff does not appear to have been a man of any scientific knowledge on the subject of explosives. Whatever knowledge he had, according to his testimony, was derived from his experience in handling these caps in the condition in which they ordinarily came and subjecting them to the effect of an electric current in the manner already described. The conditions which surrounded him when, under the orders of his superintendent, he undertook to segregate and separate a tangled mass of them, were novel and wholly outside his own experience. It was, therefore, the duty of his master to warn him of the impending danger and instruct him how to avoid it. The law could not presume that he must have foreseen and therefore voluntarily accepted the risk of the danger which resulted in his serious injury. True, the employer seeks to justify or excuse his failure to give such instructions on the ground that the plaintiff represented himself to be a man fully acquainted with the nature, and as a consequence the danger, of the explosives with which he would have to deal. Were the fact so the answer would be complete. But on this vital point came the conflict in the testimony which, of necessity, compelled the submission of the question to the jury. As the manner of the submission is not complained of, the conclusion follows that the assignment of error must be dismissed.

Judgment affirmed.