Brzyski et al. *v.* Schreiber, Appellant.

Argued January 17, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. Webster Jones,* for appellant.

*William T. Connor,* with him *John R. K. Scott,* for appellees.

OPINION BY MR. JUSTICE DREW, March 19, 1934:

This action in trespass was brought by a minor and her parents to recover compensation for injuries sustained by her when she was struck by an automobile owned and operated by the defendant. Plaintiffs' evidence was that the child, then eight years of age, was walking across a street between crossings, in plain view, and that when she was about three-fourths of the way across the twenty-six-foot cartway she was struck by defendant, who had approached the place of the accident at a speed of 40 to 45 miles an hour without sounding a warning. She suffered a fracture of the right femur,

which resulted in a serious and permanent injury, in that her right leg is crooked and deformed and considerably shorter than the left. Defendant's account of the accident was that the minor plaintiff suddenly darted across the street from behind a parked automobile. The jury found for plaintiffs, and from the judgments in their favor defendant appealed.

When the case was originally called for trial, counsel for plaintiffs, in his opening statement, said: "This is an important case. The whole future life of the child is affected." On defendant's motion, a juror was withdrawn, upon the ground that the opening should be confined to a bare recital of the facts. While the action taken was within the discretion of the trial judge, we are at a loss to understand why such statement was not entirely proper or how it could possibly have prejudiced defendant. Thereupon counsel for defendant obtained permission to try the case immediately in another court room of the same court, before another judge. The second jury was selected from the same panel from which the first jury had been chosen. Defendant's counsel objected and requested that the case be continued, stating that he felt that the incident would be in the minds of the second jury. The learned trial judge refused to continue the case, but because of the objection of defendant's counsel struck from the number called from which the jury was selected the three members who defendant's counsel said had been present when the remarks objected to were made. Under the circumstances there could be no error in the refusal of a continuance. The matter was within the discretion of the trial judge (Wilhelm v. Uttenweiler, 271 Pa. 451; Pringle v. Smith, 289 Pa. 356; Goldberg v. P. R. T. Co., 299 Pa. 79), and there was no abuse of that discretion.

Defendant contends that judgment n. o. v. should have been entered in his favor "because commonly known laws of physics demonstrate the impossibility of plaintiffs' evidence" as to the speed of the car, his argument

being that an automobile traveling 40 miles an hour would necessarily have caused greater injury to an eight-year-old girl than was shown by the evidence for plaintiffs, and would have continued, after hitting her, for more than the distance testified to by plaintiffs' witnesses, which was 12 to 15 feet. This argument, even if sound, means only that defendant's car was not going 40 miles an hour *at the moment of impact,* not that it did not approach the place of the accident at that speed or that it did not maintain that speed until it was too late for defendant to avoid hitting the minor plaintiff. It could make little difference, so far as the result was concerned, whether the speed of the car immediately before the collision was 40 miles an hour, as testified by plaintiffs' witnesses, or 20 miles an hour, as asserted by defendant. Plaintiffs' witnesses nowhere stated that the speed of 40 miles an hour was maintained until the actual moment of impact, nor was it necessary to plaintiffs' case that this be true. Of course the car could be stopped in a shorter distance if going at a less speed, but it nowhere appears in this record how far defendant was from the point of contact when he applied his brakes.

One of plaintiffs' witnesses stated that the child crossed the street without looking in the direction from which defendant approached. However, the tender age of the minor plaintiff at the time of the accident precluded any finding of contributory negligence on her part (see Taylor v. D. & H. Canal Co., 113 Pa. 162; Thomas v. Traction Co., 270 Pa. 146), and hence there was no error in the refusal to charge on the question of her contributory negligence or in the refusal to enter judgment n. o. v. on that ground. Neither was there error in the action of the trial judge in permitting the physicians called by plaintiffs to testify before a prima facie case had been made out, so that they might be free to return to their work. The order of proof is largely within the control of the trial judge (see Rathblott v. Royal Indemnity Co., 310 Pa. 37; Wigmore, Evidence

(2d ed.), sections 1867, 1869), and in this instance his discretion was properly exercised, because the convenience of physicians and others engaged in emergency work should always be deferred to when no prejudice can result thereby. The evidence that the child was permanently disabled was sufficient to warrant the submission of the question of her loss of earning power, no further proof thereof being necessary in the case of a child of tender years: Dichiero v. Pgh. Rys. Co., 313 Pa. 93, and cases there cited. The charge in this as in all other respects was full and accurate, and as favorable to defendant as he was entitled to have it.

The other questions raised by defendant are without merit and require no discussion.

Judgments affirmed.