McAllister, Admrx., *v.* Pennsylvania Railroad Company, Appellant.

Argued November 19, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Philip Price,* with him *Barnes, Biddle & Myers,* for appellant.

*Isaac Hassler,* for appellees.

OPINION BY STADTFELD, J., January 31, 1936:

This was an action in trespass to recover damages for injuries sustained by Margaret A. McAllister as a result of falling between the platform of the defendant's station at Trenton, New Jersey, and the platform of the railroad car she was attempting to board. The statement of claim averred general injuries to plaintiff Margaret and claimed loss of his wife's services on behalf of plaintiff John. The negligence charged was too great a space between the station platform and the car and inadequate illumination. Upon the death of her husband, prior to the trial, Margaret A. McAllister, Administratrix of the estate of John J. McAllister, deceased, was substituted as a party plaintiff. No affidavit of defense was filed.

The case was tried on March 27, 1935, before GREER, J., 47th Judicial District, specially presiding, and a jury, and the same judge, together with SMITH, P. J., subsequently filed the opinion dismissing defendant's motions for judgment n. o. v. and for a new trial.

At about 6:30 P. M. on October 1, 1929, at which time it was dark and had been raining, the plaintiff was boarding one of the defendant's westbound trains at Trenton and stepped between the platform of the station and the platform of the car, both feet going into the opening. The plaintiff alleged that her accident was caused partly because the space between the car and the station platform was too wide, and partly because it was so dark that she could not see where she was going.

On March 26, 1930, plaintiff suffered another fall in a trolley car and brought suit against the Philadelphia Rapid Transit Company and filed a statement of claim in which she claimed to have sustained permanent injuries of substantially identical nature with those claimed in the present proceeding.

Plaintiff was treated by two physicians, one of whom

died about January, 1930, and without any evidence of the value of his services, the plaintiff was permitted to testify over defendant's objection to the amount of his bill.

Plaintiff's second physician, Dr. Axilbund, testified that he had discontinued treatments to the plaintiff for her first accident at the time the second accident occurred, but that thereafter she returned to him and that he started all over again. He testified further that he was unable to state how much, if any, of the disability suffered by the plaintiff during the time which followed the second accident could be attributed to the first. Evidence was admitted over defendant's objection tending to establish physical incapacity on the part of the plaintiff up to the time of the trial, and, over defendant's objection, the jury was authorized to award the plaintiff damages for such disability suffered by the plaintiff following the second accident as they might find was chargeable to the first. There was no evidence of what, if any, pain and suffering might be endured by the plaintiff in the future as a result of her first accident. The court, over defendant's objection, authorized the jury to consider future pain and suffering in arriving at their verdict.

During the trial, defendant moved for the withdrawal of a juror on the ground of prejudicial remarks made by the plaintiff's counsel. This motion was declined.

The jury rendered a verdict for the plaintiff Margaret in her own right in the sum of $1,750, and in her favor as administratrix of the estate of her deceased husband in the sum of $500.

The court subsequently dismissed defendant's motions for a new trial and for judgment n. o. v. and judgments were entered on the verdicts. From these judgments, defendant took the present appeals.

The assignments of error relate to the rulings of the

court below on defendant's motion to withdraw a juror and on the admission of evidence over defendant's objections and to the charge.

The first assignment refers to the refusal to withdraw a juror on account of alleged improper remarks by counsel for plaintiff. The latter had offered in evidence portions of the statement of claim, to which offer defendant's counsel interposed an objection, whereupon plaintiff's counsel made the remark: "I see Mr. Price (defendant's counsel) is not going to admit the paragraphs, and I am surprised at the attitude of the defendant in this case. ......; I am not only surprised at the attitude of the defendant, but I am surprised at the attitude he is displaying now. ...... I am amazed at his attitude."

In explanation of the refusal to withdraw a juror, the trial judge, in the opinion filed, says: "We gave severe rebuke at the time of their utterance, and are of the opinion the jury took them for what they were worth—mere stage play."

What should be done in such a case depends largely on the atmosphere of the trial and is generally a matter for the discretion of the trial judge: Goldberg v. Philadelphia Rapid Transit Co., 299 Pa. 79, 149 A. 104. In that case, the objectionable remarks were: "It is about time somebody demonstrates to a jury how the Philadelphia Rapid Transit Company tries its cases." The Supreme Court, in an opinion by Mr. Justice WALLING, said, at p. 86: "The mere remark ...... without more, while it might well have been omitted, was not of such prejudicial character as to require the withdrawal of a juror." Citing Carroll v. Hannan, 289 Pa. 65, 137 A. 127; Donahue v. Borough of Punxsutawney, 298 Pa. 77, 148 A. 41. See also Brzyski v. Schreiber, 314 Pa. 353, 171 A. 614. We cannot say that there was an abuse of discretion in the instant case.

The second assignment of error relates to the ad-

mission of plaintiff's evidence as to the bill in the sum of $75 rendered by Dr. Counsel, the physician who had treated plaintiff after the first accident, until the time of his own death in January, 1930. There was evidence as to the character of his treatment, and the extent of his services. There was also evidence as to the charges of another physician for like services to plaintiff. We think there was sufficient evidence to warrant its submission to the jury.

The third assignment of error relates to the admission of the testimony of plaintiff's sister, Edna C. Hooper, as to complaints made to her by the plaintiff. Even if the admission of this testimony was technically improper, we cannot regard it as prejudicial error, in view of the fact that plaintiff and her physician, Dr. Axilbund, testified substantially to the same matters as to which plaintiff's sister undertook to testify. Quoting from 22 C. J. 230, Sec. 203: "Where there is direct evidence as to the same matter as to which a party's declaration has been admitted in evidence against the objections that it was self-serving, the admission of the declaration, even if technically improper, cannot be regarded as prejudicial error."

The fourth assignment of error relates to the admission of the testimony of plaintiff's sister, Edna C. Hooper, that, at the time of the trial, she was still giving plaintiff thermolite treatments. According to the testimony of plaintiff, her first physician, Dr. Counsel, directed her to have her back baked, apply heat and to rest. The same treatment was directed and given by the succeeding physician, Dr. Axilbund. To what extent this treatment was necessitated after the second accident, to the condition resulting from the first accident does not clearly appear. The court, however, instructed the jury to distinguish between the two as best it could under the circumstances, as will appear infra. At all events, under the circumstances, whether

it should have been admitted or not, we do not consider that it was prejudicial error.

The fifth assignment of error complains of the submission to the jury as an element of plaintiff's damage, her inability to do physical work at the time of the trial because of alleged lack of evidence to support it and that it was not proper in rebuttal. The question of the propriety of its admission in rebuttal, rested in the sound discretion of the court: Holthouse v. Rynd, 155 Pa. 43, 25 A. 760. It would have been error to have excluded its consideration by the jury.

The sixth assignment claims that it was error to submit to the jury the consideration of plaintiff's alleged future pain and suffering after the second accident and in the future, as an element of plaintiff's damage. Defendant bases his objection on the inability of the attending physician, Dr. Axilbund, to apportion or separate the resultant conditions from the two accidents. The same difficulty confronted the court in its submission of the case to the jury. Quoting from the charge: "Now, there is a difficulty here, a double difficulty, on this subject of pain and suffering, and that difficulty lies in the apportioning of the amount of pain and suffering endured by reason of the second accident as well as the first. The second accident, you will recall, was similar to the first, was on March 26, 1930, and this difficulty is by no means small; but we feel that we should permit you to take into account pain and suffering after the date of the first accident, with the careful warning to use your best judgment in differentiating between the two. We recall that the two accidents were of a similar nature and the treatment practically the same, except as to the application of the instrument affording greater heat after the second accident. We do not recall exactly how that was; but, generally speaking, the treatment was the same.

"Now, in such an apportionment you should use rea-

sonableness and common sense, and we accord you with that, and your best judgment. This, as we say, is applicable especially to the future pain and suffering, which is this double uncertainty; the uncertainty of how long it will last and the uncertainty of how much should be attributed solely to the first accident."

The lower court relied on the case of DeGrazia v. Piccardo, 15 Pa. Superior Ct. 107, and the cases cited therein. We quote from the opinion of the late President Judge RICE, on pp. 114, 115: "The difficulty was not greater than in apportioning damages among those severally liable for the proportion of injury caused by the turning of mine water, culm, sawdust or the like in a flowing stream. The argument ab inconvenienti is not of sufficient force to hold each liable for the whole injury, much less for not holding them liable at all. Neither is it of sufficient force to relieve this defendant from responsibility. As was said in Gould v. McKenna, 86 Pa. 297, 'The difficulty of separating the damage from each cause may be great, but it does not change the nature of the tortious act of the defendant or relieve him from liability.' See also Little Schuylkill Nav. Co. v. Richards, 57 Pa. 142; Seely v. Alden, 61 Pa. 302; Bradford v. Downs, 126 Pa. 622; Gallagher v. Kemmerer, 144 Pa. 509; Nitro-Phosphate Co. v. London Docks Co., L. R. 9 Ch. D. 503, and Workman v. R. R. Co., 32 L. J. Q. B. 279."

This case has been referred to inter alia, in the case of Osterling v. Frick, 284 Pa. 397, 131 A. 250, in the opinion of Mr. Justice WALLING where the same question is discussed at length. " . . . . . . In other words, the difficulty of separating the damages resulting from independent causes will not relieve a wrongdoer from liability (Gould v. McKenna, 86 Pa. 297, 302; 17 C. J. 759) where there is data from which the extent of the injury caused by him can be ascertained with reasonable certainty: Hughes v. Ireland, 74 Pa. Superior Ct.

518, 522. Data for an exact calculation is not necessary: Brewing Co. v. McCann, 118 Pa. 314; W. T. Adams Mach. Co. v. South States Lumber Co., 2 Ala. App. 471, 56 So. 826. It has been truly said that 'substantial justice is better than exact injustice.'"

The seventh and last assignment is to the refusal of a new trial, motion for which is based on the questions discussed supra, as also that the verdict was against the weight of the evidence and that it was excessive.

The granting or refusal of a new trial rests in the sound discretion of the court, and unless there has been an abuse of that discretion, we will not reverse the judgment: Copperthwaite v. Jones, 2 Dallas 55; Dravo Contracting Co. v. Rees & Sons Co., 291 Pa. 387, 140 A. 148; First National Bank of New Jersey v. Cattie Bros., 285 Pa. 202, 131 A. 731. We cannot say, after a careful examination of the entire record, that there was an abuse of discretion on the part of the lower court.

The assignments of error are overruled and judgment affirmed.