## Commonwealth *v.* Schumann, Appellant.

Argued November 19, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Harry Savage,* with him *Zeno Fritz, John W. Cost* and *Margiotti & Casey,* for appellant.

*Oliver L. Johnson,* Assistant District Attorney, with him *Artemas C. Leslie, William S. Rahauser,* District Attorney, and *Craig P. Stockdale,* for appellee.

OPINION BY ROSS, J., March 8, 1948:

This appeal involves a trial on two indictments. In one, W. A. Schumann, hereinafter referred to as the defendant, was charged with assault and battery on Edgar Cushard and in the other Cushard was charged with assault and battery on the defendant. The jury acquitted Cushard but returned a verdict of guilty on the Schumann indictment. After the lower court refused the defendant's motion for a new trial, he took this appeal.

The charges and countercharges grew out of an altercation between the parties, which took place in Schumann's office in Pittsburgh. Cushard had been negotiating with the defendant, a mortgage broker, relative to a loan on Cushard's property and in connection therewith had left his deed with Schumann. On May 23, 1946, Cushard went to the defendant's office, advised the latter that he wished to terminate the negotiations and demanded the return of his deed. A physical encounter which followed between the two men resulted in the two indictments involved in this case.

The defendant's contention that the verdict was against the weight of the evidence requires little discussion. Cushard testified that Schumann attacked him without warning, struck him on the head, threw him against the door and continued to beat "me on the head". Schumann testified that he asked Cushard to leave the office, that Cushard started to leave the room and then turned and kicked the defendant, and denied that he had at any time struck Cushard. A determination of the issue raised by the conflicting testimony and the credibility of the witnesses were for the jury.

The defendant's principal contention is that the trial judge erred in refusing to withdraw a juror and con-

tinue the cases. Under cross-examination the defendant was asked, "Have you ever been in this Court before?" Before the question could be answered, defendant made a motion to withdraw a juror, which motion was refused and an exception noted, the court instructing the jury, "I now tell you that under the law that question should not have been asked and should have no influence of any kind upon you in determining the issues of this case." Defendant contends that the question asked him violates the Act of March 15, 1911, P. L. 20, section 1, 19 PS 711, which provides, in part, as follows: "Hereafter any person charged with any crime, and called as a witness in him own behalf, shall not be asked . . . any question tending to show- that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he had been of bad character or reputation; . . ."

In support of his contention that the trial court erred in refusing to withdraw a juror and continue the cases, the defendant relies upon *Commonwealth v. Pezzner,* 78 Pa. Superior Ct. 286, and *Commonwealth v. Wiswesser,* 124 Pa. Superior Ct. 251, 188 A. 604. In the *Pezzner* case the defendant, on cross-examination, was asked, "Have you ever been in the bootlegging business?" and in the *Wiswesser* case the defendant was asked, "Now during these years 1923 to 1933 . . . had you committed or been charged with or been convicted of *any* crime or offense?" In those cases the questions were unambiguous and susceptible of only one inference, and we held that the Act of March 15, 1911, P. L. 20, section 1, 19 PS 711, supra, had been violated. In the instant cases, the question "Have you ever been in this Court before?" is ambiguous and will admit of many inferences.

In *Commonwealth v. Talarico,* 317 Pa. 481, 177 A. 1, a witness for the Commonwealth testified, "We went to the gallery and got those three pictures of the gang." Counsel for the defendant moved for the withdrawal of a

juror on the ground that the jury would draw from the statement of the witness the inference that he was referring to the rogues' gallery. The Supreme Court, at page 485, stated: "the word *'gallery'* does not necessarily mean rogue's gallery." So, in these cases, the question "Have you ever been in this Court before?" does not necessarily mean *as a defendant,* i.e., had the defendant "been charged with, or been convicted of, any offense other than the one wherewith he shall then be charged . . . " It might refer to presence in court as a juror or as a witness, or even as a spectator or employee. Furthermore, in its charge to the jury, the court made clear that in one of the cases being tried, Schumann was the defendant and in the other he was the prosecutor. Because of its patent ambiguity we cannot hold that the question asked the defendant violated the Act of 1911, supra.

The withdrawal of a juror is largely within the discretion of the trial judge and only where there is a clear abuse of such discretion to the prejudice of the defendant will a reversal be granted (*Commonwealth v. Freed,* 106 Pa. Superior Ct. 529, 162 A. 679) and from our examination of the record we are not convinced that the trial court abused its discretion "to the prejudice of the defendant".

Judgment and sentence affirmed.