## Commonwealth v. Hidock

*Joseph J. Gale,* assistant district attorney, for Commonwealth.

*Nicholas R. Degillio,* for defendant.

JONES, J. (specially presiding), February 22, 1955. —Thomas Hidock, defendant, was found guilty of the charge of fornication and bastardy by verdict of a jury.

The matter now comes before us on defendant's motion for a new trial. The sole basis of this motion is an alleged error by the trial judge in refusing defendant's motion for the withdrawal of a juror after

an improper question was addressed to defendant by the assistant district attorney.

While defendant was on the witness stand he was asked by the assistant district attorney the following question:

"Did you ever submit to blood tests to determine whether or not you were the father of the child?"

Defense counsel's immediate objection to this question was sustained by the trial judge.

Defendant's counsel then requested that a juror be withdrawn because of the impropriety of the question. This motion the court refused. Coincident with the refusal of defendant's motion the court warned the jury to disregard the assistant district attorney's question, and any inferences or implications arising therefrom.

The Act of May 24, 1951, P. L. 402, 28 PS §306, provides as follows:

"In any proceeding to establish paternity, the Court, on motion of the defendant, shall order the mother, her child and the defendant to submit to one or more blood grouping tests by a duly qualified physician to determine whether or not the defendant can be excluded as being the father of the child, and *the results of such tests may be received in evidence but only in cases where definite exclusion of the defendant is established.*" (Italics supplied.)

The court was convinced at trial of the impropriety under this statute of the assistant district attorney's question.

Bearing in mind the impropriety of the question, the court's refusal to allow the question and the warning to the jury to disregard the question, was the question so improper that defendant's motion for the withdrawal of a juror should have been granted?

Commonwealth v. Neill, 362 Pa. 507 (1949) reaffirmed the test to be applied in determining whether

a matter improperly suggested or brought to the attention of the jury constitutes reversible error. The court stated (p. 517):

"The test in such cases is whether the jury may have been so strongly influenced by the improper introduction of such an insinuation that the effect of it on their minds could not likely be disspelled by the Court's subsequent instructions to disregard: Commonwealth v. Fugmann, 330 Pa. 4, 17-20, 198 A. 99, 106, 107."

While the withdrawal of a juror and continuance of a case because of alleged improper remarks of counsel is within the discretion of the trial court (Brzyski et al. v. Schreiber, 314 Pa. 353 (1934); Commonwealth v. Schumann, 162 Pa. Superior Ct. 330 (1948)) yet we believe that the court under the particular circumstances of this case should have exercised its discretion in favor of withdrawing a juror and continuing the case.

No matter how vigorous the court's instructions on this subject may have been the jurors had had irrevocably fixed in their minds the subject of "blood tests." The best evidence that in this case the jury was so influenced is illustrated by the following incident at the trial: after the court's express warning to the jury to disregard the question, and just before the jurors retired from the courtroom one of the jurors addressed to the court the following question:

"Judge, is it accepted in the State of Pennsylvania that the blood of a child matches the blood of a father?"

In response to this juror's question the trial judge again instructed the jury to disregard entirely the subject of blood tests. On reflection, it is evident that to at least one juror the matter of "blood tests" had become important in her mind in arriving at a verdict. How many other jurors were thinking along the same line is problematical. However, we cannot help but feel that the subject of blood tests, inadvertently but

improperly introduced into the trial by the assistant district attorney may well have influenced this jury to the defendant's prejudice. The interests of justice require that a new trial be granted.

Defendant's motion for a new trial is hereby granted.