# Clymer v. Groff, Appellant.

*Mortgage—Deed—Consideration—Delivery—Presumption — Recording —Retention of possession by grantor.*

Want of consideration is not a valid defense to an action upon a sealed instrument.

If a deed or mortgage be duly delivered in the first instance, it will operate though the grantee suffer it to remain in the custody of the grantor.

The presumption in favor of the delivery of a deed in case of voluntary settlement is stronger than in ordinary bargain and sale, and the fact that such deed has been recorded is prima facie evidence of its delivery, although possession of it is retained by the grantor.

Where a husband executes to his attorney a mortgage on his real estate, and the attorney immediately assigns the mortgage to the mortgagor's wife, and the mortgage after being recorded is returned to the mortgagor, and is found together with the bond and assignment, after his death, in his safe deposit box to which his wife has access, the executors of the husband on a scire facias by the wife cannot set up,

either that the marriage was invalid, or that there had been no delivery, or the presumption that the mortgage had been paid.

In such a case the fact that the mortgage was found in a place to which both husband and wife had access showed at best that it was a common possession of both husband and wife; but even if it had not been shown that the wife had access to the box when the family relation existed, the fact of the wife's mortgage being in the husband's safe, would not raise any presumption that the mortgage had been paid; nor would the mere fact of possession unaided go to the support of that proposition.

In general it may be admitted that the production by the mortgagor, or those claiming under him, of a note secured by mortgage, will raise a presumption, in the absence of all other proof, that it has been paid. But this is a presumption of fact, not of law, and will be rebutted by any other evidence. If the possession and production of the note can be satisfactorily accounted for upon any other hypothesis than that of the payment of it to the holder, it will rebut such presumption.

Argued March 16, 1908.   Appeal, No. 271, Jan. T., 1907, by defendants, from judgment of C. P. Delaware Co., Dec. T., 1904, No. 172, on verdict for plaintiff in case of Jane B. Clymer, Assignee of Alfred S. Miller, Mortgagee, *v.* Charles Groff and Henry Hinkle, Executors of the last Will and Testament of Levi H. Clymer, deceased, Mortgagor, and Hester A. Wheeler et al., Real Owners.   Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Scire facias sur mortgage.   Before JOHNSON, P. J.

The facts are stated in the opinion of the Supreme Court.

At the trial the court sustained objections to the admission of evidence as to the invalidity of the marriage between the plaintiff and the mortgagor. [1, 7]

The court gave binding instructions for plaintiff. [18]

Verdict and judgment for plaintiff for $3,758.75.   Defendant appealed.

*Errors assigned* were (1, 7) rulings on evidence, quoting the bill of exceptions; (18) in giving binding instructions for plaintiff.

*Ormond Rambo,* with him *John M. Broomall* and *Benjamin Alexander,* for appellants.—The burden was on plaintiff to

prove delivery and possession of the mortgage and the bond which it secured : Earnest v. Hoskins, 100 Pa. 551 ; West v. Irwin, 74 Pa. 258 ; Bradley v. Grosh, 8 Pa. 45 ; Lancaster v. Smith, 67 Pa. 427 ; Michaelis v. Brawley, 109 Pa. 7 ; Chess v. Chess, 1 P. & W. 32 ; Tyson v. Seitz, 15 Pa. Dist. Rep. 702.

The court erred in overruling defendants' offers to prove the facts and circumstances relating to the question of payment : Bradley v. Grosh, 8 Pa. 45 ; 1 Jones on Mortgages (6th ed.), p. 975 ; Lawson's Presumptive Evidence, 409 ; Mertz's App., 7 Atl. Repr. 187 ; Cox v. Ledward, 124 Pa. 435.

It was error for the court to give binding instructions for plaintiff : Holland v. Kindregan, 155 Pa. 156 ; Corcoran v. Mut. Life Ins. Co., 183 Pa. 443.

*William I. Schaffer*, with him *Alfred S. Miller* and *Josiah Smith*, for appellee.—The delivery of a mortgage is not defeated because the mortgagor retains possession for safe keeping : Bradtfeldt v. Cooke, 27 Oregon, 194 (40 Pac. Repr. 1) ; Van Etta v. Evenson, 28 Wis. 33 ; Rigler v. Cloud, 14 Pa. 361.

The record of the mortgage, showing that it was executed, acknowledged and recorded, is conclusive evidence of its delivery : Kille v. Ege, 79 Pa. 15 ; Stinger v. Com., 26 Pa. 422 ; Blight v. Schenck, 10 Pa. 285 ; Coxe v. Deringer, 82 Pa. 236.

The mere fact that a deed is found among the grantor's papers after his death is no evidence of its nondelivery : Stinger v. Com., 26 Pa. 422 ; Cummings v. Glass, 162 Pa. 241 ; Penna. Co. v. Dovey, 64 Pa. 260.

On the trial of a scire facias sur mortgage the record of the mortgage is as good evidence as the instrument itself without producing the original or accounting for its nonproduction : Lancaster v. Smith, 67 Pa. 427 ; Curry v. Raymond, 28 Pa. 144.

Where an assignment of an equitable interest in land was found in the assignor's safe after his death, the safe having been used as a repository for the family papers and the assignee being a member of the family, the title of the assignee was upheld : Chase v. Clearfield Lumber Co., 213 Pa. 46.

OPINION BY MR. JUSTICE POTTER, April 20, 1908 :

This was a scire facias on a mortgage, made by Levi H.

Clymer, dated October 1, 1902, and payable in three years. It was made to Alfred S. Miller, who was attorney for the mortgagor, and was assigned, on the day of its date, to Jane B. Clymer. Both the mortgage and assignment were duly recorded on the day following their execution.

Jane B. Clymer, the assignee of the mortgage, was married to the mortgagor, had lived with him as his wife for many years, and was so living with him when the mortgage and assignment were executed. Levi H. Clymer died June 23, 1903, and the scire facias was issued against Charles Groff and Henry Hinkle, his executors, and the devisees under his will, as real owners. After Clymer's death the mortgage, with the accompanying bond and warrant and the assignment, were found in his safe deposit box, in an envelope. The deeds for the property were in the same envelope. Mrs. Clymer also had access to this safe deposit box, and had a separate key to it ; but no other papers belonging to her were found there. There was evidence that, after the papers were recorded, they were mailed by the recorder of deeds to Levi H. Clymer. It was not shown who lodged them for record.

Upon the trial the court below directed a verdict for the plaintiff for the full amount of the mortgage, with interest, upon the ground that the defendants had shown no legal defense to the mortgage. Judgment was entered upon the verdict, and the defendants have appealed, and have here assigned for error, in a number of specifications, among other things, the exclusion of certain testimony tending to prove that the plaintiff was not the lawful wife of Levi H. Clymer. The evidence was properly excluded, as it could have no effect upon the right to recover on the mortgage. At most it could have gone only to the question of the necessity of proving consideration, but want of consideration is not a valid defense to an action upon a sealed instrument : Cosgrove v. Cummings, 195 Pa. 497. Upon the trial, counsel for plaintiff merely offered the record of the mortgage and assignment in evidence, and rested. Defendants then presented testimony, and offered the original bond and mortgage in evidence. The trial judge held that the mortgage being in evidence and unanswered, entitled the plaintiff to recover. As the record stood, we think this ruling was right. The recording of the mortgage was prima facie evi-

dence of delivery, and the presumption was not rebutted or destroyed by any evidence offered by the defendants. It is text-book law that "if a deed be duly delivered in the first instance, it will operate though the grantee suffer it to remain in the custody of the grantor:" 4 Kent's Com. *455. The presumption in favor of the delivery of a deed in case of voluntary settlement is stronger than in ordinary bargain and sale, and the fact that such deed has been recorded is prima facie evidence of its delivery, although possession of it is retained by the grantor: Valter v. Blavka, 195 Ill. 610.

With respect to the fact that the mortgage in suit was found in the safe deposit box, to which both husband and wife had a key, and to which each had access, we agree with the court below, that "at best, it was a common possession of both husband and wife. But even if it had not been shown that the wife had access to the box, when the family relation existed, as it did here, the fact of the wife's mortgage being in the husband's safe, would not raise any presumption that the mortgage had been paid; nor would the mere fact of possession unaided, go to support that proposition."

The general principle of law on this subject is set forth in Crocker v. Thompson, 44 Mass. 224, where Chief Justice SHAW says (p. 231): "In general it may be admitted that the production by the mortgagor, or those claiming under him of a note secured by mortgage, will raise a presumption, in the absence of all other proof, that it has been paid. But this is a presumption of fact, not of law, and will be rebutted by any other evidence. If the possession and production of the note can be satisfactorily accounted for upon any other hypothesis than that of the payment of it to the holder, it will rebut such presumption." And in Grimes v. Hilliary, 150 Ill. 141, the court said (p. 149): "Ordinarily the owner of a note retains it until it is paid. Hence, where it is found in the possession of the maker, the presumption of payment arises. But where the maker has access to the papers of the holder, and may have acquired the note as well without payment as with, the presumption of payment does not arise. There is no presumption prejudicial to the maker from the possession, simply for the reason that the presumption of innocence would repel it. There is simply no presumption that the note is, or

is not, paid, leaving the party having the affirmative upon the issue to establish the fact of payment." Another authority upon the same point and to the same effect is Mynes v. Mynes, 47 W. Va. 681, where a husband executed and delivered to his wife three bonds or notes and a deed of trust securing them, and after his death they were found, together with other papers of his, as well as papers of the wife's, in a trunk, the key of which was in the wife's possession, it was held that no presumption of the payment or extinguishment of the notes arose on the ground (p. 691) that the husband did not have "exclusive possession and control of them."

The position assumed by counsel for defendants in the present case was technical in the extreme. The execution of the mortgage was practically admitted, as they offered the original papers in evidence. There was neither allegation nor proof of actual payment, but instead there was an attempt to rely upon presumptions that do not properly arise in this case. We think the conclusion reached by the court below, both with regard to delivery of the mortgage and as to the lack of any presumption of payment, under the circumstances, is well supported by reason and authority. As we agree with the ruling that no legal defense to the mortgage was shown, and that the verdict was properly directed for the plaintiff, the questions raised as to the competency of the witnesses for the plaintiff, Miller and Williams, need not be considered.

The judgment is affirmed.