## Dominion Trust Company *v.* Ridall, Appellant.

*Contracts—Mortgages—Defenses—Contemporaneous oral agreement—Illegal transaction—Suit by receiver—Practice, Supreme Court—Assignments of error.*

1. In an action upon mortgages by the receiver of a trust company, it is no defense that the mortgagor and her husband, who was the former treasurer of the company, had given the mortgage to cover a shortage in the funds of the trust company, in view of the examination of its assets by a bank examiner, and that a contemporaneous oral agreement had been made that the mortgages should never be enforced; as the oral agreement was not omitted from the writings through fraud, accident or mistake, it would be unavailable in any case, and if the agreement was for the purpose of deceiving the bank examiners, it would be illegal and therefore no defense.

2. Assignments of error which embrace more than one point, or refer to parts of the charge without quoting the words thereof, or stating where it is to be found in its regular order, or complaining of the admission or rejection of evidence, but failing to quote the questions, offers, or rulings thereon, or to give a reference to the pages of the paper book or appendix where they are to be found, are faulty and will be dismissed.

Argued March 16, 1915. Appeals, Nos. 97 and 98, Oct. T., 1915, by defendants, from judgments of C. P. Allegheny Co., April T., 1913, No. 1313, Docket A., and No. 1318, Docket B., for plaintiff in cases of Dominion Trust Company (formerly known as The Guardian Trust Company of Pittsburgh), a Corporation of the State of Pennsylvania, James L. Adams, Receiver, v. Iva G. Ridall and S. H. Ridall, her husband. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Sci. fa. sur mortgages. Before CARNAHAN, J.

The opinion of the Supreme Court states the case.

Verdicts for plaintiff by direction of the court for

$12,088.33 and $3,173.18 and judgment thereon. Defendants appealed.

*Errors assigned* were in directing verdicts for the plaintiff and in refusing to enter judgment for the defendants n. o. v. and various rulings on evidence.

*E. L. Kearns,* for appellants.

*William C. Jacob,* with him *Mead J. Mulvihill,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, April 12, 1915:

The defendants gave two mortgages, accompanied by bonds in the usual form, to the plaintiff trust company; subsequently that corporation, owing to insolvency, went into the hands of a receiver; the receiver sued on these mortgages and recovered verdicts upon which judgments were entered; the defendants have appealed in each instance; both appeals were argued as one, and by agreement of counsel they will be disposed of together.

The plaintiff proved its case by producing the instruments sued on and showing the defendants' default. When all the offers of testimony, both those accepted and rejected, are considered, the defense amounts to this: that S. H. Ridall was the treasurer of the plaintiff trust company at the time the instruments in question were executed; that the mortgaged property belonged to his wife, Iva G. Ridall; that a shortage existed in the funds of the trust company, due to misconduct of its president; that the board of directors, desiring to "repair the assets of the trust company," had its representative see the defendants and request them to execute the mortgages in suit, "to cover the shortage of the ......president of the......company"; that, thereupon, the bonds and mortgages were signed, sealed and delivered by the defendants; that they asked for the as-

sistance of counsel, but were told the matter could not be made public, for, if known, there would be "a run on the bank and the trust company would be closed"; that when the bonds and mortgages were delivered, a treasurer's check for the amount thereof was given to Mrs. Ridall, which was indorsed by her and handed back to the trust company; that the defendants never actually received a cash or other tangible consideration for the bonds and mortgages; finally, that, at the time of the execution of these instruments, a contemporaneous parol contract was entered into, whereby it was mutually agreed that, despite the terms of the writings, under no circumstances would the defendants be required to pay either the principal or interest thereby secured.

While, as shown by the affidavit and supplemental affidavit of defense, as well as the offers of proof, from one of the standpoints of the defendants, this whole transaction was merely to make an appearance of assets, because "it was the expectation of the board of directors of the trust company that the state bank examiner would shortly call......for an examination," the purpose of the alleged secret parol agreement being to assist in carrying out this illegal intent, and the defendants frankly admitting that it was not omitted from the writings sued on through fraud, accident or mistake, yet, it is to be noted the affidavits of defense and offers of proof also state that the bonds and mortgages were given to pay the defalcation of the president of the trust company and the proceeds thereof were "taken and delivered, used and paid, for that purpose." Whatever the intention of the defendants when they executed these evidences of debt—whether to assist in making good the shortage mentioned or simply to help create a blind against the state bank examiner, we are convinced that their defense was properly held to be inadequate in law; for, if the instruments sued on were executed and delivered, under seal, for a lawful purpose—no fraud, accident or mistake being claimed—a parol agreement

such as here attempted to be proved, which would not only contradict but entirely destroy the mortgages, was not available as a defense (Irvin v. Irvin, 142 Pa. 271, 286-7; Irvin v. Irvin, 169 Pa. 529, 541, et seq.; Anspach v. Bast, 52 Pa. 356, 358; Clarke v. Allen, 132 Pa. 40); and the alleged want of consideration would not help the mortagors (Yard v. Patton, 13 Pa. 278, 284; Cosgrove v. Cummings, 195 Pa. 497; Clymer v. Groff, 220 Pa. 580; Meek v. Frantz, 171 Pa. 632, 638; Anderson v. Best, 176 Pa. 498, 500; State Bank of Pittsburgh v. Kirk, 216 Pa. 452, and People's Bank of California v. Stroud, 223 Pa. 33; whereas, on the other hand, if the instruments sued on were executed simply to make an illegal appearance of assets for the plaintiff company, on the faith of a secret parol agreement that they should never be enforced, then the rule applies that, in a suit by a receiver—representing not only the corporation to whom the obligations were given but its creditors—such an agreement will not be accepted in evidence as a defense (State Bank of Pittsburgh v. Kirk, 216 Pa. 452; People's Bank of California v. Stroud, 223 Pa. 33, 36; Lyons v. Benney, 230 Pa. 117).

In writing their paper book, the appellants entirely ignored Rules 26, 27, 28 and 39 of this court, governing specifications of error, and all twenty-six assignments are defective, for these reasons: some of them embrace more than one distinct point; others refer to parts of the charge without quoting, ipsissimis verbis, the subject matter objected to, or stating where it is to be found; where error is assigned to the admission or rejection of evidence, the specifications fail to quote the questions, offers or rulings thereon, or to give a reference to the pages of the paper book or appendix where they may be found. These faulty assignments must be dismissed; but we have examined the entire record and discovered no reversible error therein.

The judgments are affirmed.