Blenda et ux. *v.* Cregier, Appellant.

Submitted November 29, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*George H. Detweiler,* for appellant.

*W. Y. C. Anderson* and *Wm. Chas. Brown,* for appellee.

PER CURIAM, January 6, 1930:

On January 8, 1927, George Blenda, then a little under ten years of age, was killed through the negligence of the driver of an automobile truck owned by defendant; plaintiffs, his parents, brought suit for damages and recovered a verdict of $9,000, which the court below very properly set aside as excessive. At the next trial of the case, a verdict was rendered for $4,182, on which judgment was entered. Defendant has appealed, contending that the charge of the trial judge was insufficient on the measure of damages and that the verdict is excessive.

While the amount awarded plaintiff is high, yet we cannot say that it is unsupported by evidence. In the first place, all above $3,500 represents actual expenses incurred by plaintiffs, due to the injury to and death of the child. As to the latter amount, the court below summarizes the evidence, showing the circumstances of the parents, their position in life, etc., that the father's earnings ranged from $22 to $45 a week; that a brother of the deceased child, 21 years old at the time of the accident, earned $30 a week, a 17-year-old brother, $24 a week, and a 15-year-old one, $17 a week; further, that the expenses of keeping the deceased child would probably have averaged about $5 a week. In sustaining the verdict, the court below very properly considered all of this testimony and the fact that the child could and probably would have commenced to earn money for his parents at the age of fourteen, continuing to twenty-one. Defendant took only a general exception to the charge, wherein we find no error of law or misleading statement of fact. In Sebring v. Bell Tel. Co., 275 Pa. 131, 136, appellant made the same sort of complaint against

the charge as we have in the present case. There a boy of thirteen years of age was killed, and we sustained a verdict in excess of the one now before us. We said the verdict was large but not such as to warrant interference on our part, and that appellant could not complain of the inadequacy of the charge, adding, "Had the trial judge said something misleading upon [the question of damages], the case would be different"; also that, as here, "no additional instructions were asked upon that subject"; and, again as here, that "only a general exception was taken to the charge." These excerpts from the Sebring Case amply cover the present complaints as to the alleged inadequacy of the charge.

The judgment is affirmed.