## Koch v. Ziegler, Exrx., Appellant.

Argued November 19, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Charles D. Smeltzer,* for appellant.

*Arthur M. Cooper,* with him *Max Aron,* for appellee.

OPINION BY PARKER, J., January 27, 1938:

The prime question raised on this appeal is whether the trial judge erred in refusing to receive a writing at a trial before a jury when the paper was not offered until after both parties had rested and the judge had completed his charge. A brief reference to the facts will demonstrate that this appeal cannot be sustained.

The issue was between two claimants, the insured's executor and a friend of the insured, claiming the proceeds of a life insurance policy originally payable on death to the insured, his executors, administrators or assigns, where the insurance company had paid the money into court and the parties had interpleaded. The claim of the plaintiff was based on a written assignment to her from the insured under seal purporting to be made for a valuable consideration. The defense was that the consideration was in fact an illicit relationship between the insured and the assignee, Mrs. Koch, and her promise and agreement to continue that relation. This question was submitted to the jury and that body found against the defendant. We doubt whether there was sufficient evidence to warrant the submission of that question to the jury, but that is of no importance now as the jury properly disposed of it.

We think the appellant has failed to appreciate the full force of her admission in her affidavit of defense that the assignment was signed and sealed by the insured. The defense set up was not failure of consideration, but want of consideration. "In Pennsylvania a seal is more than mere presumptive evidence of consideration. It imports consideration *(Yard v. Patton,* 13 Pa. 278, 284), and therefore want of consideration is no defense to an action on the sealed instrument": *Killeen's Est.,* 310 Pa. 182, 187, 165 A. 34. To allow such defense would

be to permit the contradiction of the assertion in the written instrument that it was made for a valuable consideration. Also see *Dominion Trust Co. v. Ridall,* 249 Pa. 122, 94 A. 464; *Clymer v. Groff,* 220 Pa. 580, 69 A. 1119; *Cosgrove v. Cummings,* 195 Pa. 497, 46 A. 69.

During the trial of the case a proof of death delivered to the insurance company was produced and the plaintiff was asked whether she had signed it. She admitted the signature to the proof was hers, but stated that the answers about which she was further interrogated were not in her handwriting and left the inference that they were supplied by an agent of the company. The matter was not pursued and the proof of death was not offered in evidence until after both parties had finally rested and the trial judge had delivered his charge to the jury. The offer could not have been received without opening the case and giving the plaintiff an opportunity to furnish further proofs in explanation of the answers in the writing.

It is well settled that the order in which evidence is received is a matter within the sound judicial discretion of a trial judge. Such being the law, it is likewise a matter within the discretion of the trial judge to determine whether a case shall be opened and more testimony received after both parties have rested and the court has delivered its charge. Not only so, but as the court below pointed out in its opinion, the defendant had the full benefit of her cross examination and the actual perusal of the proofs of death by the jury would have added little to the facts proven. This was clearly a matter for the exercise of discretion by the trial judge and we find no abuse of that discretion.

The suggestion that the court should have granted a new trial in order that defendant might produce further evidence is without merit.

Judgment affirmed, costs to be paid out of the fund.