Knoble et ux. *v.* Ritter, Appellant.

150

Argued March 4, 1941.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes and Hirt, JJ.

*R. Bialkowski,* of *Bialkowski, Bialkowski & Bialkowski,* for appellant.

*Stanley F. Coar,* with him *David J. Reedy,* for appellees.

OPINION BY RHODES, J., June 30, 1941:

Plaintiffs, husband and wife, brought this action in trespass against defendant to recover for personal injuries and property damage growing out of an automobile collision. Robert Messimer and Madelyn Wagner were brought upon the record as additional defendants under scire facias proceedings by the original defendant. The original defendant filed no affidavit of defense to plaintiffs' statement; the additional defendants filed affidavits of defense.[1] At the conclusion of the trial binding instructions were given in favor of the additional defendants. Verdicts were returned in favor of plaintiffs against the original defendant. Defendant's motions for a new trial and judgment n. o. v. were refused. From the judgments entered for plaintiffs, these appeals are taken.

The assignments of error render necessary a review of the evidence. Defendant, in complaining of the re-

---

[1] Present practice ruled by Pa. R. C. P. Nos. 2251-75—Joinder of Additional Parties.

fusal of her motion for judgment n. o. v., contends that the court below should have declared as a matter of law that defendant was not negligent, and that plaintiffs were guilty of contributory negligence.

The accident happened on route No. 707 between Dalton, Pa., and Waverly, Pa. This highway, made of concrete 18 feet wide, runs approximately east and west at the place where the accident occurred on February 17, 1938. It was dusk in the late afternoon, and a light rain had been falling, which created an icy condition. Approximately two miles west of Waverly, going in a westerly direction, there is a slight upgrade in the road to a curve which bends to the south, and the road then descends at a steep grade for a distance of 1,500 feet. About 500 feet west of the crest of the hill, and on the south side of the highway there was a drainage abutment or culvert, the side wall of the culvert running parallel with the highway and approximately four feet from the edge of the concrete, the south side of the culvert being five feet above the ground. For some distance east of the culvert the berm was wide enough to accommodate an automobile. On this day, about 6 P.M., there was a thin layer of ice on the high-way from the crest of the hill for 500 feet west to the culvert. There was a conflict of testimony as to the icy condition of the road east of the crest of the hill. One of plaintiffs' witnesses testified that at 8 P.M. that evening there was ice east of the crest of the hill for a distance of 200 feet; another testified that at 6 P.M. the ice extended 100 feet in that direction. Defendant's witnesses testified that there was no ice east of the crest of the hill.

About 6 P.M., plaintiff Matthew Knoble was driving his automobile east toward Waverly, accompanied by wife plaintiff. At a point variously estimated as being 600 to 960 feet west of the crest of the hill, he noticed two cars entirely off the concrete on the south berm of the road. These two cars, which collided after they

descended the steep grade, were owned by Robert Messimer and Madelyn Wagner, additional defendants. After ascertaining that he could be of no assistance, he started on toward Waverly. He then saw a car, which he learned later was the car of one Walter Hughes, come over the crest and down the hill in a westerly direction. The Hughes car started to skid, twisted around, went off the concrete to the berm on the south side of the road, and finally turned over on its side about 80 to 90 feet east of the culvert, and about 3 feet away from the concrete roadway. Knoble, for the purpose of assisting Hughes, drove his car past the culvert and stopped, his car then being completely on the south berm of the road. Alighting from the car to give assistance to Hughes he walked on the south berm toward the Hughes car for a distance of about 15 feet, when he saw the car of defendant come over the crest of the hill, 475 feet away, and begin to zigzag and skid in the direction of the Hughes car. He immediately turned and called to his wife to get out of the way. Both he and his wife ran to the south of where their car was parked, when they were struck by defendant's car.

Knoble and one of his witnesses testified that defendant's car was traveling from 50 to 60 miles an hour. There was testimony that defendant's car struck the bumper of the Hughes car, then twisted and slid into plaintiffs' car, driving it back about 35 feet, and that defendant's car then mounted the culvert where it finally came to rest. Knoble and his wife were found stunned under or near the front part of defendant's car.

It is true that the skidding of an automobile does not of itself establish or constitute negligence *(Lithgow et al. v. Lithgow,* 334 Pa. 262, 5 A. 2d 573; *Hatch et al. v. Robinson,* 99 Pa. Superior Ct. 141), and that speed in excess of that permitted by statute will not convict the driver of negligence, unless it is shown that the speed was the proximate cause of the accident *(Collichio et ux. v. Williams,* 311 Pa. 553, 555, 166 A. 857; *Bloom v.*

*Bailey et al.*, 292 Pa. 348, 350, 141 A. 150). It is upon these principles that defendant relies chiefly to sustain her theory that she was not negligent.

The contention of defendant is that plaintiffs' injuries and property damage were caused by the intervention of an independent agency over which defendant had no control, to wit, ice on the highway. But we think that the evidence was sufficient for the jury to find that skidding of defendant's car resulted from her own negligence, and, the jury having so found, that she was liable for the consequences. We have here more than the fact that defendant's car skidded. There was testimony that she was driving it at a rate of 50 to 60 miles per hour, and knew or should have known of the icy condition of the highway. She was familiar with this portion of the highway, and knew of the curve and steep grade down which her car had to travel. According to the testimony, she traveled from 100 to 200 feet on the icy highway before she approached the crest of the hill. It was dusk, was raining, and ice had formed on the concrete. Consequently, when she descended the hill at a speed of 50 to 60 miles per hour she lost control of her car on the icy pavement, causing the damages and injuries to plaintiffs. The jury was justified in concluding that defendant failed to operate her car in such manner as was consistent with the circumstances and the rights of others rightly on, or in the vicinity of, the highway.

"It is the duty of the driver of a ...... motor vehicle at all times to have his car under control, and having one's car under control means having it under such control that it can be stopped before doing injury to any person in any situation that is reasonably likely to arise under the circumstances": *Galliano v. East Penn Electric Co.*, 303 Pa. 498, at page 503, 154 A. 805, at page 807. See, also, *Christ v. Hill Metal & Roofing Co.*, 314 Pa. 375, 378, 171 A. 607; *Moquin v. Mervine*, 297 Pa. 79, 84, 146 A. 443; *McGrath v. Pennsylvania*

*Railroad Co.*, 71 Pa. Superior Ct. 1, 3; *Miller v. Carey*, 117 Pa. Superior Ct. 218, 225, 177 A. 511.

As said in *Weibel v. Ferguson*, 342 Pa. 113, at page 119, 19 A. 2d 357, at page 360, in words applicable to the facts of the present case: "Defendant was conscious of the weather conditions, the curve in the road and the wet or slippery surface; there is no evidence of any emergency not created by his [her] own conduct which would diminish the degree of care ordinarily exercisable by him [her]."

The refusal of defendant's motion for judgment n.o.v. was proper, and the sixth assignment of error relating thereto is overruled.

As to plaintiffs' alleged contributory negligence it is difficult to understand defendant's argument. Plaintiffs obviously made every attempt to escape the result of defendant's negligence. We agree with the court below that the record disclosed no evidence that plaintiffs were guilty of contributory negligence. Failure to anticipate the negligence of another is not contributory negligence. *Christ v. Hill Metal & Roofing Co.*, supra, p. 379.

Complaint is also made that the trial judge's charge was inadequate, and that for this reason a new trial should be granted. It is urged that the failure of the trial judge to charge on the question of contributory negligence requires this. The record discloses no effort made at the trial to establish this defense or request to instruct the jury upon it. At the conclusion of the charge, when the trial judge asked counsel whether they required any further instructions or corrections, defendant's counsel requested none, and took only a general exception. Under such circumstances, if additional instructions were desired, counsel should have asked for them. *Hill et ux. v. West Side Electric Street Ry. Co.*, 284 Pa. 518, 520, 131 A. 376; *Campagna v. Lyles*, 298 Pa. 352, 358, 148 A. 527; *Blenda et ux. v. Cregier*, 298 Pa. 528, 530, 148 A. 845. But there is no evidence of

contributory negligence in this case, and what has been said in *Filer v. Filer,* 301 Pa. 461, at page 465, 152 A. 567, at page 568, applies here: "The trial judge instructed the jury in effect that if the injury resulted from the defendant's negligence there might be a recovery unless the injured party was guilty of contributory negligence, but failed to define that term or to explain what conduct on part of the guest would constitute it. This was an inadequate presentation of the subject ......, but harmless, as the record discloses no evidence of contributory negligence."

There is no merit whatever in defendant's argument that the trial judge committed reversible error in failing to instruct the jury on the burden of proof, on the quantity and quality of the evidence, and how contradictory evidence should be regarded, reconciled, and acted upon. In his charge the trial judge referred to the burden on plaintiff to satisfy the jury by the fair and preponderating weight of the testimony that the defendant was negligent, and as to what would constitute negligence on the part of defendant under the circumstances. The trial judge summarized the testimony of practically every witness, related the facts about which there was no dispute, called the jury's attention to those facts which were disputed by the various witnesses, and advised them to weigh such conflicting testimony carefully. The issue was made very clear, and the jury could have had no difficulty in comprehending the questions they were to decide. See *Nathan v. McGinley,* 342 Pa. 12, 19 A. 2d 917. We think the charge was an adequate presentation of the case to the jury, and if defendant desired the trial judge to charge in greater detail or in a more comprehensive manner in any respect, she was afforded ample opportunity to have this done.

An additional reason urged for a new trial was the introduction in evidence of seven exhibits, being receipts for sums of money totaling $210, paid by husband plain-

tiff for the care of wife plaintiff at a sanitarium after the accident. There was testimony that wife plaintiff was at the sanitarium for the period covered by the bills, which was six weeks, and that she was sent there by her physician because of her condition brought on by the accident. Her physician testified as to her condition, and that because of such condition he advised that she be taken to the sanitarium. The exhibits disclosed the nature of the services rendered for the charges made. In paragraph 15 of plaintiffs' statement of claim it was set forth that husband plaintiff was obliged to spend the sum of $210 for treatment of wife plaintiff in a sanitarium. We are convinced that these exhibits were admissible in evidence, and in any event defendant was not harmed by their admission. See *McAllister v. Pennsylvania Railroad Co.*, 121 Pa. Superior Ct. 131, 136, 182 A. 738, affirmed, 324 Pa. 65, 187 A. 415.

Finally, defendant contends that there was reversible error in the refusal of the trial judge to permit defendant to examine the additional defendants after plaintiffs had called them as on cross-examination. The two additional defendants were brought upon the record by scire facias proceedings issued at the instance of original defendant, who claimed they only were liable to plaintiff for the cause of action declared on. After plaintiffs examined each of the witnesses, defendant apparently sought to examine them. Assuming that defendant should have been allowed to examine the two additional defendants after their examination by plaintiffs had been completed, there is no valid reason why counsel for defendant should examine them "in chief but not as our witness." It does not appear that defendant was prejudiced or harmed by the calling of the two additional defendants by plaintiffs as on cross-examination; there was evidence of defendant's negligence apart from their testimony. Both additional defendants were subsequently called by defendant as on cross-examination, and full latitude was given to coun-

sel for defendant to develop upon this cross-examination any facts which would assist the jury in determining who was responsible for the accident and the consequent injuries and damages to plaintiffs.

As we said in *Niebauer v. Schultz et al.*, 114 Pa. Superior Ct. 538, 174 A. 812, affirmed, 318 Pa. 266, 178 A. 285, it may have been technical error to permit the additional defendants in the present case to be called by plaintiffs as under cross-examination,—not objected to by them but only by the original defendant,—but such error will not be given the consequence of setting aside the verdict and judgments against the original defendant, which are fully supported by the evidence. See, also, *Jinks et al. v. Currie et al.*, 324 Pa. 532, 537, 188 A. 356; Goodrich-Amram §2263-2.

The order in which testimony is admitted and witnesses called is a matter largely within the sound discretion of the trial court, and it requires a very gross abuse of that discretion, which would have to be manifest, to induce a reversal. *Dosch v. Diem*, 176 Pa. 603, 611, 35 A. 207; *Koch v. Ziegler, Ex'x*, 130 Pa. Superior Ct. 158, 160, 196 A. 562.

Both sides were allowed full opportunity to present all relevant evidence, and even if there was some irregularity in the method of presentation it was not of such nature as to have caused defendant substantial injury.

The reasons assigned why defendant should be granted a new trial are without sufficient merit to require a reversal of the action of the court below.

All the assignments of error are overruled.

Judgments are affirmed.